**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| In Re: SOPHIE LAVOIE BOONE | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| to | ) | C.A. No. CPU4-15-003549 |
| | ) | |
| SOPHIE LAVOIE BOONE. | ) | |
| (Sophie LavoieBoone) | ) | |
| | ) | |
| | ) | |

Submitted: November 16, 2015
Decided: December 21, 2015

Sean M. Lynn, Esquire
Baird Mandalas Brockstedt, LLC
6 South State Street
Dover, DE 19901
*Attorney for Petitioner*

Gregory A. Morris, Esquire
Liguori & Morris
46 The Green
Dover, DE 19901
*Attorney for Respondent*

## MEMORANDUM OPINION AND ORDER

Petitioner, Sophie Lavoie Boone, by her next of kin, Nikki Lavoie ("Ms. Lavoie"), brings this Petition pursuant to 10 *Del. C. Chapter* 59 and *Court of Common Pleas Civil Rule* 81, to change the name of her minor child from Sophie Lavoie Boone to Sophie LavoieBoone, with the child no longer having a middle name of Lavoie, and retaining the name "Lavoie Boone" as her last name. On November 16, 2015, a hearing was held on the Petition, after which the Court reserved decision. This is the Court's final Order and Decision.

## FACTS AND PROCEDURAL HISTORY

Sophie Lavoie Boone ("Sophie" or the "child") is a five-year-old minor residing with her mother in Wilmington, Delaware. Daniel Boone ("Respondent") is the father of the child, who resides in Middletown, Delaware. Sophie was born on December 28, 2009 in Newark, Delaware.

On October 14, 2015, Petitioner filed this Petition for a Change of Name. In the Petition, Ms. Lavoie contends that the proposed name change would preserve and develop Sophie's relationship with Ms. Lavoie, enhance the child's identity as a part of Ms. Lavoie's family unit, and "bring [Sophie's] name into conformity" with Ms. Lavoie's. In the Questionnaire attached to the Petition, Petitioner indicates that Respondent has parental rights, makes contact with Petitioner, and provides support. The Petition satisfied the statutory prerequisites of filing.

On November 3, 2015, Respondent filed an answer to the Petition. Respondent denies that the proposed name change is in the best interest of the child. Respondent contends that this Petition should be denied, in light of the facts this Court considers when faced with a contested name change.

On November 16, 2015, this Court heard argument, and testimony from Ms. Lavoie and Respondent. Ms. Lavoie testified that the change is necessary to make contact with schools, family, and friends less confusing. Ms. Lavoie also contends that the change of name is important to her since it reminds Ms. Lavoie of her grandparents, who played an important role in her childhood. Ms. Lavoie wants Sophie to similarly identify with those

members of Ms. Lavoie's family. Respondent contends that the name change benefits only Ms. Lavoie instead of both her and Sophie. Respondent argues it is not "our right" to take a five-year-old's middle name without the child's consent. Respondent avers that when she is old enough, Sophie can make this decision on her own. At the conclusion of testimony the Court took this matter under advisement.

## DISCUSSION

The law governing petitions to change a person's name is found in 10 *Del. C.* § 5901 *et seq.* Section 5901 states that these petitions must be brought in the Court of Common Pleas in the county in which the petitioner resides. Pursuant to Section 5902, if it is a minor child's name which is the subject to be changed, the petition must be signed by at least one of the child's parents, and that the child must sign it if he or she is over fourteen years of age. Publication of the petition is governed by Section 5903, which states that the petition or notice thereof, must be published in a local newspaper once a week during the three weeks prior to the petition's filing. Section 5904 states that if all requirements have been met, and there appears no reason to deny the petition, the petition may be granted. Finally, *Court of Common Pleas Civil Rule* 81 provides that if only one of the child's parents sign the petition, the petition must be served upon the non-signing parent.

When considering a minor child's change of name petition, this Court has concluded that such petition shall be analyzed using the "best interest of the child" standard.[1] In making this determination, this Court in *In re Gibbs* outlined the factors to be considered:

---

[1] *In re Gibbs*, 2008 WL 5160141, at *4 (Del. Com. Pl. July 9, 2008); see also *Cardinal v. Perch*, 611 A.2d 515, 516 (Del. Fam. Ct. 1991).

(1) A parent's failure to financially support the child;
(2) A parent's failure to maintain contact with the child;
(3) The length of time that a surname has been used for or by the child;
(4) Misconduct by one of the child's parents;
(5) Whether the surname is different from the surname of the child's custodial parent;
(6) The child's reasonable preference for a surname;
(7) The effect of the change of the child's surname on the preservation and development of the child's relationship with each parent;
(8) The degree of community respect associated with the child's present surname and proposed surname;
(9) The difficulties, harassment, or embarrassment that the child may experience from bearing the present or proposed name; and
(10) The identification of the child as a part of the family unit.[2]

Based on the record of the case, it is uncontested that Mr. Boone and Ms. Lavoie each provide Sophie with financial support, maintain contact with Sophie, and have no record of relevant misconduct. Therefore, the Court need not address factors one, two, and four in the analysis.

I will now address the remaining factors seriatim: (3) the child was born almost six years ago, and has begun to cement her identity and personality within her friendships at school; (5) Sophie's parents both take an active role in raising her, however her surname differs from Ms. Lavoie, with whom she spends a majority of her time; (6) the child is almost six years old and is unaware of this proceeding, therefore, there is no basis on which to conclude she has a reasonable preference for either surname; (7) the change of name is likely to have little effect on the child's relationship with either parent; (8) there is no reason to conclude that either surname elicits a lack of respect within the community; (9) the Court believes the child will experience relatively little difficulty, harassment, or embarrassment if she retains her

---

[2] *Id.* at *3 – 4.

current surname instead of altering it; (10) because both parents appear to be positive role models for Sophie, who actively participate in her schooling and upbringing this change would not affect Sophie's identification as part of the family unit.

After balancing each of the contested factors above, I conclude that the proposed change of name is not in the best interest of the child. The record indicates that although granting the Petition would simultaneously alleviate the relatively minor inconveniences experienced by the parents, and superficially execute Ms. Lavoie's desire to draw Sophie closer to her heritage, the change would also detrimentally expose Sophie to the myriad questions and difficulties that accompany a name change at such a critical stage in the child's social development. For the reasons set forth above the Court finds by a preponderance of the evidence that Sophie Lavoie Boone's name shall not be changed since it is not in the best interest of the child.

**IT IS HEREBY ORDERED this 21st day of December, 2015**, that the petition is not granted.

_____
Alex J. Smalls
Chief Judge